# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01956-REB-MEH

PATRICK COLLINS, INC.,

    Plaintiff,

v.

GAIL GONZALES,

    Defendant.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT GAIL GONZALES' MOTION TO DISMISS [CM/ECF 36]**

    **I.**    **INTRODUCTION**

Defendant's untimely Motion to Dismiss fails to cite any authority for the proposition that Plaintiff did not state a claim. The motion relies wholly on Defendant's denial of liability. As cited below, Plaintiff alleges specific facts about how and when Defendant infringed Plaintiff's copyrights. Plaintiff's claims are plausible within the meaning of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and Defendant's denial is not a proper basis for finding to the contrary. Further, although mentioned in passing on the first page of her Motion, Defendant offers no argument with regard to "failure of service." Plaintiff's process server indicated that Defendant was served by substitute service on Defendant's son on November 23, 2012. For the foregoing reasons, as explained more fully below, this court should deny the subject motion.

## II.  LEGAL STANDARD

When analyzing a Rule 12(b)(6) motion, the Court must "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff."  *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). Allegations pled as legal conclusions are not entitled to a presumption of truth.  *Iqbal*, 556 U.S. at 677-79.  The complaint must present "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  And, it must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Id.*  The Court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (internal citation omitted).

## III.  PLAINTIFF STATED A PRIMA FACIE CLAIM AGAINST DEFENDANT

Plaintiff states a claim by pleading that Defendant used the BitTorrent protocol to infringe Plaintiff's copyrights.  "To establish copyright infringement, [Plaintiff] must prove '(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (*citing TransWestern Publ'g Co., v. Multimedia Mktg. Assocs.*, 133 F.3d 773, 775 (10th Cir.1998)).  Plaintiff's Complaint states a prima facie claim for infringement.  "Plaintiff is the owner of United States Copyright Registration Number PA0001793203 (the "Registration") for the motion picture entitled "Big Wet Asses 21" (the "Work")."  *Amended Complaint* at ¶ 10.  "The Work was registered on or about June 26, 2012."  *Id.*

2

at ¶ 11. "A copy of an internet screen shot from the U.S. Copyright Office's website evidencing, among other things, Plaintiff's ownership of the Registration and the Registration date is attached as Exhibit B." *Id.* at ¶ 12. "Each Defendant installed a BitTorrent Client onto his or her computer." *Id.* at ¶ 15. "Defendant went to a torrent site to upload and download Plaintiff's copyrighted Work." *Id.* at ¶ 27. "Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent Protocol and the internet to reproduce, distribute, display, or perform Plaintiff's copyrighted works." *Id.* at ¶ 35. "IPP used forensic software . . . and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions." *Id.* at ¶ 36. "IPP extracted the resulting data . . . reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith . . ." *Id.* at ¶ 37. "The IP addresses, Unique Hash Number and hit dates . . . accurately reflect . . . and show: (A) each Defendant had copied a piece of Plaintiff's copyrighted Work identified by the Unique Hash Number." *Id.* at ¶ 38. "By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the registered Work that are original." *Id.* at ¶ 46. "Plaintiff did not authorize, permit or consent to Defendants' copying of its works." *Id.* at ¶ 47. "As a result of the foregoing, each Defendant violated Plaintiff's exclusive [copy]right[s]." *Id.* at ¶ 48.

When taken as true, Plaintiff states plausible copyright infringement claims against Defendant.

### IV. <u>DEFENDANT WAS PROPERLY SERVED</u>

On November 16, 2012 the Clerk issued the summons to be served upon Defendant at 3241 W 30th Avenue, Denver, Colorado 80211. On November 19, 2012 that summons was amended to add the Court's seal. On November 28, 2012 a signed and sworn Affidavit of Service was filed with the Court, which stated that substitute service was affected on Defendant's son on November 23, 2012. Defendant offers no argument to contest that Plaintiff properly served Defendant by substitute service.

### V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: May 10, 2013

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

### **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document via U.S. Mail to the person set forth in the Service List below.

By: /s/ *Jason A. Kotzker*
Jason A. Kotzker

**Service List**

Gail Gonzales
3241 W. 30th Avenue
Denver, CO 80211